RECEIVED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUAN MALCA,
    Plaintiff,

v.      CASE NO.: 8:21 cv 53 36 spf

BAY TO BAY SHRADHA, INC. d/b/a
EDDIE'S CUSTOM CLEANERS, and
DIMPLE PATEL, an individual,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JUAN MALCA ("Plaintiff"), by and through undersigned counsel, brings this action against Defendants, BAY TO BAY SHRADHA, INC. d/b/a EDDIE'S CUSTOM CLEANERS and DIMPLE PATEL in his individual capacity ("Defendants"), and in support of his claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., the Internal Revenue Code, 26 U.S.C. § 7434.

2. This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

### PARTIES

4. Defendants operate a dry cleaning company in Tampa, Florida, in Hillsborough County.

5. The INTERNAL REVENUE SERVICE ("IRS") will be notified of this Complaint as the Internal Revenue Code requires. Specifically, the Internal Revenue Code provides that "[a]ny person bringing an action under [26 U.S.C. § 7434] Subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court." 26 U.S.C. § 7434(d).

6. Defendant BAY TO BAY SHRADHA, INC. d/b/a EDDIE'S CUSTOM CLEANERS is a Florida corporation owned and managed by DIMPLE PATEL.

7. DIMPLE PATEL hired Plaintiff to work as driver at Defendants' dry cleaner locations in Tampa, FL.

8. Defendant DIMPLE PATEL is the President and Owner of Defendant BAY TO BAY SHRADHA, INC., and, in this capacity, Defendant DIMPLE PATEL was responsible for setting Plaintiff's wages and scheduling the hours worked by Plaintiff.

9. Defendant DIMPLE PATEL controlled all facets of Plaintiff's employment, in all of the duties that Plaintiff was assigned to perform. Defendant DIMPLE PATEL controlled the day-to-day activities of BAY TO BAY SHRADHA, INC. He made all hiring and employment decisions, and exercised complete control over the hours and wages of Plaintiff. In particular, Defendant DIMPLE PATEL was responsible for determining Plaintiff's rate of compensation, and had the authority, directly or indirectly, to modify Plaintiff's working conditions.

10. Thus, Defendant DIMPLE PATEL is also an "employer" within the meaning of the FLSA, 29 U.S.C. § 203 (d).

## GENERAL ALLEGATIONS

11. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Section 6 and 7 of the FLSA, and was thus subject to the individual coverage of the FLSA.

12. As part of his regular job duties for Defendants, Plaintiff routinely and regularly used and/or handled items moving in the stream of commerce.

13. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

14. At all times material hereto, Defendants BAY TO BAY SHRADHA, INC. and DIMPLE PATEL were "employers" within the meaning of the FLSA.

15. Defendants continue to be "employers" within the meaning of the FLSA.

16. At all times material hereto, BAY TO BAY SHRADHA, INC. was, and continues to be, an enterprise engaged in the "providing services for commerce" within the meaning of the FLSA.

17. At all times material hereto, the annual gross sales volume of Defendant BAY TO BAY SHRADHA, INC. exceeded $500,000 per year. Thus, BAY TO BAY SHRADHA, INC. was an enterprise covered by the FLSA under 29 U.S.C. §§ 203(r) and 203(s).

18. At all times material hereto, the work performed by Plaintiff was integral and essential to the business performed by Defendants.

19. Plaintiff has satisfied all conditions precedent, or they have been waived.

20. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

21. Plaintiff requests a jury trial for all issues so triable.

## FACTS

22. Plaintiff worked for Defendants from December 8, 2016 to December 8, 2019 as a driver.

23. Specifically, Plaintiff was not employed by Defendants in a bona fide administrative, executive, or professional capacity. In particular, Plaintiff had no authority to hire or terminate any other employee of Defendants; he had no special or professional qualifications and skills for the use of which he was employed by Defendants; and he had no control whatsoever over Defendants' business operations, even from an administrative standpoint.

24. Thus, Plaintiff is a "non-exempt employee" who is covered by the FLSA.

25. At various times material hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

26. As a non-FLSA exempt employee, Plaintiff was entitled to be compensated for all of the overtime hours that he worked at a rate equal to one and one-half times his regular hourly rate.

27. Defendants failed to pay Plaintiff an overtime premium for all of the overtime hours that Plaintiff worked, in violation of the FLSA.

28. Plaintiff was a full time employee from December 8, 2016 through January 2019. In January 2019 Plaintiff transitioned to a part time employee.

29. Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA.

30. The Parties executed a Tolling Agreement effective February 24, 2020 tolling the statute of limitation on Plaintiff's FLSA claims. *See* Exhibit "A".

31. Defendant paid a portion of Plaintiff's wages in cash.

32. Defendants paid Plaintiff without deducting any applicable taxes, for the purpose of intentionally avoiding their IRS obligations.

33. For the tax years, 2016, 2017, and 2018, Defendants paid Plaintiff by check without deducting any applicable taxes, for the purpose of intentionally avoiding their IRS obligations.

34. Thus, Defendants knew or should have known that they had a legal duty to withhold taxes from Plaintiff's earnings and to provide Plaintiff with IRS Forms W-2 for each tax year during which Plaintiff worked.

35. Defendants' actions were willful, and showed reckless disregard for the provisions of the Internal Revenue Code.

## COUNT I – FLSA OVERTIME VIOLATION

36. Plaintiff realleges and readopts the allegations of paragraphs 1 through 30 of this Complaint, as though fully set forth herein.

37. During the statutory period, Plaintiff worked overtime hours while employed by Defendants, and he was not compensated for all of these hours in accordance with the FLSA.

38. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

39. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

    a) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages, computed at the applicable overtime rate;

    b) Judgment against Defendants, stating that Defendants' violations of the FLSA were willful;

    c) An amount equal to Plaintiff's unpaid overtime wages as liquidated damages;

    d) To the extent that liquidated damages are not awarded, an award of prejudgment interest;

    e) A declaration that Defendants' practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

    f) All costs and attorney's fees incurred in prosecuting these claims; and

    g) For such further relief as this Court deems just and equitable.

### COUNT II – CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS UNDER 26 U.S.C. §7434 (a)

40. Plaintiff realleges and readopts the allegations of paragraphs 1 through 35 of this Complaint, as though fully set forth herein.

41. By failing to provide Plaintiff with IRS Forms W-2 for all of the tax years during which he was employed by Defendants, and failing to properly record, account

42. Under the Internal Revenue Code, "[if] any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

**WHEREFORE**, Plaintiff demands:

(a) Costs attributable to resolving deficiencies, damages of $5,000.00 for Plaintiff, and damages resulting from the additional tax debt and additional time and expenses associated with any necessary correction.

(b) That Defendants be ordered to take all the necessary steps to correct the information returns identified above.

(c) All costs and attorney's fees incurred in prosecuting these claims; and

(d) For such further relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 7TH day of January, 2021.

/s/ Brianna A. Jordan
**BRIANNA A. JORDAN**
Florida Bar Number: 1000982
**Morgan & Morgan, P.A.**
201 N. Franklin Street, Suite 700
Tampa, Florida 33602
Direct No. 813-393-5457
Fax: 813-393-5481

**BRIANNA A. JORDAN**
Florida Bar Number: 1000982
**Morgan & Morgan, P.A.**
201 N. Franklin Street, Suite 700
Tampa, Florida 33602
Direct No. 813-393-5457
Fax: 813-393-5481
E-mail: bjordan@forthepeople.com
**Attorney for Plaintiff**

## TOLLING AGREEMENT

This TOLLING AGREEMENT (the "Agreement") is made by and between EDDIES CUSTOM CLEANERS ("Potential Defendant") and JUAN MALCA and any potential opt-ins ("Plaintiffs"), on this 24th day of February, 2020, for the benefit of both parties.

WHEREAS Plaintiff asserts claims against Defendant asserting claims for wages owed under the Fair Labor Standards Act, 29 U.S.C.§ 201 *el seq.* (the "FLSA") and any applicable state wage laws;

WHEREAS the statute of limitations continues to run for Plaintiffs and potential opt-ins;

WHEREAS, the parties need additional time to review records and see if this matter can be resolved before a lawsuit is filed.

NOW, THEREFORE, for good and sufficient consideration, the receipt of which is hereby acknowledged, Plaintiff and Defendant hereby agree as follows:

1. Tolling Provision. The statute of limitations on any claim under the FLSA or any applicable state wage laws running against Plaintiffs including any opt-ins, shall be tolled during the period of time while this Agreement is in effect and neither party shall put forward or rely upon the period of time while this Agreement is in effect as a bar or laches or for any other purpose to defeat such a claim. This Agreement shall not revive any claim that is already time-barred as of the effective date of this Agreement. This paragraph does not apply to claims made to enforce this Agreement. Nothing contained in this Agreement shall be deemed as an admission by any party with respect to any allegations or claims asserted in the Action.

2. Use of Agreement. During the term of this Agreement, Plaintiff and Plaintiff's law firm on behalf of Plaintiff or any Potential Plaintiffs, shall refrain and forebear from commencing, instituting, or prosecuting any lawsuit, arbitration, action, or other proceeding against Defendant or any entity or individual who could be a defendant raising FLSA or state wage and hour law claims.

3. Duration. This Agreement is effective as of February 24, 2020, and shall terminate upon written notification from either counsel. Upon termination, the claims shall be tolled for an additional fifteen (15) days to allow sufficient time for counsel to file a lawsuit, if needed. This Agreement shall automatically terminate upon the parties execution of a settlement agreement.

4. Modification. This Agreement can be modified only in a writing signed by the parties. This Agreement shall constitute the entire understanding between the parties concerning the subject matter of this Agreement and supersedes and replaces all prior negotiations, proposed agreements, and agreements, written or oral, relating to this subject.

5. Successors. This Agreement shall bind and benefit each of the parties and their respective predecessors, successors, and assigns.

6. Governing law: Forum. This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Florida. Any dispute arising out of or connected with

1

EXHIBIT "A"

interpreting or enforcing the terms of the Agreement shall be filed in the appropriate state or federal court in Hillsborough County, Florida.

7. <u>Execution of Counterparts</u>. Separate counterparts of this Agreement may be executed by the parties with the same force and effect as if all such parties had executed a single copy of this Agreement.

8. <u>Authority to Bind</u>. The Party executing this Agreement represents and warrants that they have been authorized to enter into this Agreement on behalf of the party on whose behalf they signed and that signatory has full and complete authority to do so.

9. <u>Confidentiality</u>. The Parties shall keep the terms of the Agreement confidential, and shall not disclose such terms to anyone unless required to disclose such information by court order or to enforce this Agreement.

10. <u>Drafting</u>. This Agreement shall be deemed to have been drafted by both parties, and shall not be construed against any party on the premise that a specific party drafted the Agreement.

11. <u>Notices</u>. Any notice, request, instructions or other document to be provided hereunder by either party to the other shall be in writing and delivered personally or mailed by certified mail, postage prepaid, return receipt requested (such personally delivered or mailed notice to be effective on the date actually received) or by electronic means as follows:

If to Plaintiff(s), address to:

Brianna Jordan, Esq.
Morgan & Morgan, P.A.
One Tampa City Center, Suite 700
Tampa, FL 33602
Phone: 813.223.5505
Direct Dial: 813.393-5457
Fax:813.393-5481
Bjordan@forthepeople.com

DATED: 2/24/1<sup>c</sup>1

By: Brianna Jordan, Esq.
Attorney for Plaintiff(s)

If to Defendant, address to:

Todd S. Aidman
Ford Harrison LLP
101 East Kennedy Blvd. Suite 900
Tampa, Florida 33602
813 261-7840
taidman@fordharrison.com

DATED: 2/24/2020
/s/ Todd S. Aidman
By: Todd S Aidman
Attorney for Defendant

2