# EXHIBIT "A"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUAN MALCA,

    Plaintiff,

v.

CASE NO.: 8:21-cv-00053-CEH-SPF

BAY TO BAY SHRADHA, INC. d/b/a
EDDIE'S CUSTOM CLEANERS, and
DIMPLE PATEL, an individual,

    Defendantss.

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made between Plaintiff Juan Malca and Defendants Bay to Bay Shradha, Inc. d/b/a Eddie's Custom Cleaners and Dimple Patel. Plaintiff and Defendants are referred to collectively herein as "the Parties." The Parties hereby agree as follows:

1. **Reason for Agreement.** Plaintiff filed a Complaint in the United States District Court for the Middle District of Florida, Tampa Division, Case No. 8:21-cv-00053-CEH-SPF (the "Lawsuit"), alleging: failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA claim"); and (2) fraudulent filing of tax return in violation of 26 U.S.C. § 7434(a) ("Tax claim"). The Parties disagree as to whether or not Plaintiff's claims are viable and whether Plaintiff has additional actionable claims against Defendants. However, the Parties desire to fully and finally resolve the Lawsuit. For this reason, the Parties enter into this Agreement to settle the FLSA claim. The Parties have entered into a separate agreement ("General Release") for additional consideration resolving Plaintiff's Tax Claim and all other claims Plaintiff has or may have against Defendants.[1]

---

[1] The General Release Agreement contains provisions providing Defendant with a full release of any and all claims Plaintiff may have against Defendant. Pursuant to the General Release Agreement, Plaintiff also agrees he will not seek re-hire or make defamatory statements about Defendants. The General Release Agreement requires Plaintiff to keep the terms and existence of the General Release confidential but expressly provides Plaintiff is not required or obligated to keep the existence or terms of the FLSA settlement confidential. If requested by the Court, the Parties will submit the General Release Agreement for in-camera review.

2. **No Admission of Liability.** This Agreement does not constitute an admission by Defendants of violation of any law or statute and the Parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purpose as evidence or admission of liability or wrongful conduct of any kind by Defendants.

3. **Monetary Consideration.** To resolve the FLSA claim, Defendants have agreed to pay Plaintiff within 14 days of the latest of: (1) Defendants' receipt of a W−2 and W-9 executed by Plaintiff and W-9 executed his attorney; (2) this Agreement executed by Plaintiff and delivered to Defendants; and (3) Court's approval of this Agreement:

(a) One settlement check in the gross amount of Eleven Thousand Eight Hundred and Forty Eight Dollars and Twenty Cents ($11,848.20) made payable to Plaintiff Juan Malca for unpaid wages, minus applicable withholdings and deductions;

(b) One settlement check in the gross amount of Eleven Thousand Eight Hundred Forty Eight Dollars and Twenty Cents ($11,848.20) made payable to Plaintiff Juan Malca for liquidated damages, with no withholdings; and,

(c) One check in the amount of Six Thousand Five Hundred Dollars ($6,500.00) made payable to Morgan & Morgan, P.A., for attorneys' fees and costs. The Parties agree that the portion of the settlement sum attributable to attorneys' fees and costs was negotiated separately from and without regard to the amount Plaintiff sought for unpaid wages.

By accepting the above-referenced sums, Plaintiff acknowledges and agrees that he has now been paid for all hours worked and all alleged overtime hours worked during his employment with Defendants and agrees that Defendants do not owe him any other monies with regard to compensation associated with hours worked or for any other reason. Plaintiff further acknowledges and agrees that he has been paid all wages (including overtime compensation) due to him from Defendants for any reason. Finally, Plaintiff specifically agrees that the above payment represents full compensation for the FLSA claim asserted in the lawsuit and any claim Plaintiff may have had under the FLSA is now moot.

4. **Waiver and Release of FLSA Claims.** Plaintiff hereby remises,

*JM*

acquits, releases, satisfies and discharges, on his own behalf and on behalf of anyone who could claim by or through him, Defendants, and their predecessors and successors in interest, assignees, parents, subsidiaries, professional employment organizations, divisions and related companies and entities, and their past, present and future shareholders, officers, directors, supervisors, managers, employees, agents, attorneys, insurers, and representatives (hereafter collectively referred to as "Releasees"), in their individual and official capacities, and their heirs and legal representatives, of and from, any and all wage-related claims and demands, past or present known or unknown, and all manner of action and actions, causes of action, suits, administrative proceedings, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, torts, trespasses, damages, judgments, executions, warranties, claims and demands whatsoever, in law or in equity, relating to any wage-related claim which Plaintiff and his heirs, executors, administrators, agents, distributees, beneficiaries, successors in interest and assignees, ever had or now have, by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of Plaintiff's execution of this Agreement. Plaintiff agrees never to file a lawsuit against Releasees for any wage-related claim released in this Agreement.

5. **Settlement Approval and Dismissal.** The Parties will request that the Court review and approve this Agreement and that the Court dismiss with prejudice the FLSA claim in the above-styled lawsuit, presently pending in the United States District Court for the Middle District of Florida, upon the effective date of this Agreement. If the Court rejects this Agreement, the Parties shall diligently work together to draft an Agreement that is approved by the Court. In the event the FLSA claim in the above-numbered and entitled lawsuit is not dismissed with prejudice after the Parties have reasonably exhausted efforts to seek Court approval, this Agreement shall become null and void and Defendants shall be entitled to return by Plaintiff of any and all sums paid by Defendants hereunder within 5 business days.

6. **Tax Payment.** Other than withholdings and deductions associated with check a, Plaintiff shall pay any and all taxes that may be due as a result of the settlement payment(s). Plaintiff agrees and affirms that he is not relying on any representation made by Defendants concerning whether or not the payment(s) is taxable as wages, as income, or otherwise, or concerning the amount of taxes that they may be required to pay as a result of the payment(s). Plaintiff agrees that he will not be entitled to any additional consideration under this Agreement as a result of any assessment of, or liability for, taxes as a result

of the payment(s). Moreover, Plaintiff agrees to indemnify Defendants and hold them harmless from any interest, taxes or penalties assessed against them by any governmental agency as a result of the non-payment of taxes on any amounts paid to Plaintiff under the terms of this Agreement. This section does not modify Defendants' responsibility with respect to legally required wage withholdings, including those identified in Paragraph No. 3 of this Agreement.

7. **Transfer of Claims**. Plaintiff represents and warrants that he has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any released claim. Plaintiff agrees to indemnify and hold Defendants harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorneys' fees), causes of action or judgments based on or arising out of any such assignment or transfer. Plaintiff further warrants that there is nothing that would prohibit him from entering into this Agreement.

8. **Binding Effect.** This Agreement is to be construed and governed under the laws of the State of Florida and shall bind the Parties and their respective heirs, estates, successors and assigns. If the Court in the above-styled lawsuit fails to approve the Agreement, Plaintiff agrees to expeditiously work with Defendants on drafting an agreement acceptable to the Parties and the Court.

9. **Consideration and Acceptance of Agreement.** Plaintiff acknowledges that he has read the entire Agreement and specifically acknowledges the following: Plaintiff understands the language of the Agreement, and any questions he may have had during review of the Agreement has been explained to his satisfaction and understanding. Plaintiff understands that he is not waiving any rights or claims which may arise after the date the Agreement is executed. Plaintiff has been advised and is again advised herein to consult with an attorney and/or other professional of his own choosing and has consulted with or had the opportunity to consult with legal counsel and other persons of his own choosing regarding this matter prior to the execution of the Agreement.

10. **Breach**. The Parties hereto acknowledge that any breach of this Agreement shall entitle the non-breaching party not only to damages, but also to injunctive relief to enjoin the actions of the breaching party, as well as costs, including attorneys' fees. The prevailing party in any such action shall be entitled to attorneys' fees and costs incurred in enforcing a breach.

11. **Modification of Agreement.** Any uncertainty or ambiguity shall not be construed for or against any other party based on attribution of drafting to any party. Furthermore, this Agreement shall not be subject to modification or amendment by an oral representation, or any other written statement by either party, except for a dated written amendment to the Agreement signed by Plaintiff and Defendants prior to the Court's approval of this Agreement.

12. **Severability.** The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect. If any portion of this Agreement is found invalid, the Parties agree to enter into new provisions that are not invalid.

13. **Headings.** The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

14. **Jurisdiction and Venue.** The Parties hereto agree that the courts of Hillsborough County, Florida, shall have exclusive jurisdiction over the Parties with respect to any dispute or controversy between them arising under, relating to, or in connection with this Agreement, and the Parties consent to such jurisdiction in such courts and waive any objections to jurisdiction.

**I HAVE READ THE FOREGOING SETTLEMENT AGREEMENT AND FULLY UNDERSTAND AND VOLUNTARILY AGREE TO BE LEGALLY BOUND BY THIS AGREEMENT.**

_Juan Malca_
_____
Juan Malca

Date: _____11/4/2021_____

Bay to Bay Shradha, Inc. d/b/a Eddie's Custom Cleaners

By: __DIMPLE PATEL__   Date: __11/3/21__

Its: __PRESIDENT__

_____
Dimple Patel

Date: 11/3/21